PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 2 8 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE ___NORTHERN___ DISTRICT OF TEXAS

___FIFTH___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

STEPHEN WEBSTER BURGETT, JR.
PETITIONER
(Full name of Petitioner)

ELLIS UNIT
1697 FM 980 RD.
HUNTSVILLE, TX. 77343.
CURRENT PLACE OF CONFINEMENT

vs.

T.D.C.J.-I.D. #01117535.
PRISONER ID NUMBER

**4-21CV-898-Y**

___BOBBY LUMPKIN___
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  ·If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☒    A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.
☐    A parole revocation proceeding.             (Answer Questions 1-4, 13-14 & 20-25)
☐    A disciplinary proceeding.                  (Answer Questions 1-4, 15-19 & 20-25)
☐    Other:_____            (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack:  CRIMINAL DISTRICT NO.4, 401 W.BELKNAP ST. TARRANT COUNTY,FT.WORTH,TX.76196.

2.    Date of judgment of conviction:  DEC.6th,2005.

3.    Length of sentence:  FIFTY YEARS (50).

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:  CAUSE NO: C-4-W011723-0816659-B.

      1ST DEGREE MURDER.

Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☒ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 2nd DIST.APPELLANT COURT;

   401 W.BELKNAP ST.,SUITE 9000,FT.WORTH,TX.76196.   Cause Number (if known): NO: 2-02-300-CR.

   What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

   What was the date of that decision? DEC.6th,2005.

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   _____

   Result: _____

   Date of result: _____   Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:
    STATE COURT OF APPEALS; P.O.BOX 12308,CAPITOL STATION,AUSTIN,TX.78711.
    Name of court: _____

    Nature of proceeding: HABEAS CORPUS ART.11.075(D) WRITT.

    Cause number (if known): C-4-W011723-081665-B.

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:    MAY 10,2020.

Grounds raised:   INDICTMENT HAS SUBJECT MATTER JURISDICTION;(2)INEFFECTIVE ASSISTANCE OF COUNSEL;(3)INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL;(4)UNCONSTITUTIONAL ABRIDGED JURY INSTRUCTION; (5)DENIAL OF DIRECT APPEAL.

Date of final decision:   AUG.12,2020.DISMISSED AS SUCESSIVE(NO PREJUDICE)

What was the decision?   (SAME) AS ABOVE.

Name of court that issued the final decision:  STATE COURT OF APPEALS;P.O.BOX 12308,CAPITOL STATION, AUSTIN,TX.78711.

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(e)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☒ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?    ☐ Yes    ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____
_____
_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.     **GROUND ONE:** INDICTMENT HAS SUBJECT MATTER JURISDICTION; STATE IN ERROR OF DUE PROCESS CLAUSE, U.S.CONST.AMEND.5th,6th,14th.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(FROM THE BEGINNING) I HAVE OBJECTED TO THE INDICTMENT ERROR (IDENTY),AT TRIAL;THE COURT OF CONVICTION,REFUSES TO RESUBMITT INDICTMENT TO THE GRAND JURY TO "CORRECT" THE INSTRUMENT,AND RESUBMITT BACK TO ME;WITHIN THE (180)BUSINESS DAYS.A FAILURE TO DO SO BECOMES A ERROR IN THE JURISDICTIONAL CLAUSE;THE ERROR HAS NOT BEEN "WAIVED".

B.     **GROUND TWO:** U.S.CONST.AMEND.5th,6th;GUARANTEE THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS CAUSE;IS IMPOSED WHEN COUNSEL BREECH'S THE DUTY OF LOYALTY UNDER THE DUE PROCESS CLAUSE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COUNSEL WAS A WELL KNOWN DRUG ADDICT,WHO DIED OF A ILLEGAL DRUG OVERDOSE;HIS UNPROFESSIONAL CONDUCT AND DENIAL OF REPRESENTATION DUTIES,WAS NOT A PROFESSIONAL"STRATEGEM";WITH DREW (IN CLERK RECORD) THREE MAJOR MOTIONS WHICH CONSTITUTE THE BACKBONE OF A DEFENSE;(1)DICOVERY,(2)WITNESS "IDENTIFICATION" AND STATEMENTS,(3)STATES POSSESION OF PRE-EVIDENCE. AN INVESTIGATION AND PREPARATION OF MITIGATING EVIDENCE WOULD HAVE SIGNIFICANTLY MADE A DIFFERENCE AT THE PUNISHMENT AND SENTENCING PHASE OF TRIAL. COUNSEL ALSO FAILED TO EXAMINE AND OBJECT TO (STATE WITNESSES) PURJURIOUS TESTIMONY,BY NOT DOING SO FOR WHICH I COULD NOT RECOVER FROM THE BIAS EFFECT UPON THE JURY VERDICT. IF ONLY HAD ATTORNEY INVESTIGATED THE CASE.

C.   GROUND THREE: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL,THE 6thU.S.CONST.AMEND. GIVES RIGHT TO EFFECTIVE ASSISTANCE OF THAT COUNSEL.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

APPELATE COUNSEL WAS INEFFCTIVE DUE TO THAT HE (SHOULD) HAVE FILED A MOTION FOR INEFFECTIVE TRIAL COUNSEL;BECAUSE NO RECORD OF THE ERRORS WAS PRESERVED.APPELLATE COUNSEL FILED A "BLIND"UNMERITOUS APPEAL BRIEF,DID NOT ADDRESS "ANY"MERITS DISCUSSED WITH COUNSEL. COUNSEL FAILED TO FILE A MOTION OF OBJECTION TO THE ERROR OF OPION IN MANDATE OF THE 2ND COURT OF APPEAL;WHICH WOULD HAVE OVERTURNED THE CASE BACK TO THE COURT FOR REVIEW. NAMELY; THAT OPION ERROR "I SHOT THE VICTIM IN THE BACK,AT CLOSE RANGE",I WAS EXONERATEDON TO THIS FACT BY THE STATE MEDICAL EXAIMENERS REPORT,I NEVER DID THIS,THE COURT IS INSISTANT I DID THIS,DO TO THAT THE LOCAL POLICE REPORTED TO THE LOCAL NEWS PAPER ARTICLES,THAT I DID THIS ACT.THE COURT OF APPEAL RULING IS UNJUST BECAUSE THEY HAVE RELIED ON INFORMATION OUTSIDE OF THE COURTS TRIAL RECORDS OF FACTUAL SUPPORT.

D.   GROUND FOUR:   STATE CAN NOT HINDER THE DEFENSE COUNSEL FROM FAVORABLE VOIRE DIRE PROCEEDING WITH A JURY PANEL;A JUROR'S RIGHT OF INQUIRY OF A "REASONABLE DOUBT" INSTRUCTION DEFINITION MUST NOT BE ABRIDGED.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

TRIAL COUNSEL OBJECTED AT VOIRE DIRE PROCEEDING AT IMPROPER INSTRUCTION GIVEN TO JUROR'S INQUIRY INTO "REASONABLE DOUBT" DEFINITION,PROSECUTION REFUSED TO GIVE THE DEFINITIONAL INSTRUCTION CLAIMIING THAT THE STATE DOES'NT HAVE ONE;NOT"CORECTLY" GIVING A DEFINITION DENIES A "FAVORABLE" ADVANTAGE FOR THE DEFENSE,AND A FAIR REVIEW IN A VERDICT OF THE CASE;THIS GIVES"HARM" AND PREJUDICES A JURY BY IMPERMISSIVELY SHIFTING THE BURDEN OF PROOF FROM PROSECUTION UNTO THE DEFENDANT,UNDERMINES THE STATES REQUIREMENT TO MEET THAT PROOF,WHICH THE REMAINDER OF THE CHARGE NEGATES THAT ERROR.

21.   Relief sought in this petition: PETITONER,PRAYS THIS HONORABLE COURT WILL(REMAND) GRANT THIS RELIFE BACK TO THE STATE APPELLATE COURT ON PRESENTED ISSUES;WHICH WILL THEN BE REMANDEBACK TO TRIAL COURT ATTENTION,PETITIONER CAN THEN BE RE INDICTED ON A LESSER INCLUDED CHARGE OF MURDER, REDRESS OF FACTUAL ERRORS IN THIS CAUSE;BE ACCOUNTABLE FOR THOSE ERRORS/WRONGS,RE SENTENCED IN A GUILT/SENTENCING HEARING BY A TRIBUNAL. PETITIONER THEN CAN BE AFFORDED RELIEF OF HIS CON VICTION.

APPENDEX  D.

20. D.  GROUND FIVE:              THE RIGHT TO BE FREE FROM INORDINATE DELAY IN THE ADJUDICATION OR
    ―                             OF A DIRECT APPEAL; IN A STATE PROCEEDING.


                                  FACTS SUPPORTED:

                                   TRIAL COUNSEL WAS INEFFECTIVE DUE TO THAT COUNSEL DIRECTLY CANCELED
                                  DEFENDANDT APPEALS RIGHTS;FAILED TO PRESERVE ANY ERRORS IN THE DEVELOPING
                                  TRANSCRIPTS;BY FILING (BOTH) A MOTION (NEW TRIAL) AND (APPEAL) ON THE SAME
                                  DAY.THERE IS A "MANDATORY" WAITING PERIOD WHEN A COURT IMPOSES OR SUSPENDS
                                  A SENTENCE;(10)DAYS FROM THE RETRIAL MOTION OF FILING DATE,THEN (75)DAYS
                                  ON THE COURTS RUILING TO MOTION FOR APPEAL (90)DAYS TOTAL.
                                  THIS PRACTICE IS PROHIBITED,THE CLERKS RECORD WILL REVEAL THIS;THE TRIBUNAL
                                  HAS NOT EVEN RULED ON THES MOTIONS SUBMITTED,THIS IS A UNCONSTITUTIONAL
                                  ACT SUPPORTED BY THAT COURT,AS TO ITS SILENCE NOT GIVING ANY RULING
                                  OF ERORS PRESENTED.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☒Yes ☐No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

JUNE 19,2005;C.O.A. FILED IN THE U.S.DIST.NORTHERN DISTRICT.5thDIV.
CAUSE NO: BURGETT V.DRETKE,4:05-CV-775-Y.(NO PREJUDICE) DISMISSED AUG.13,2007.

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____(NONE)_____

(b) At arraignment and plea: _____FRED W.RABALAIS;S.B.O.T.#1644400_____

(c) At trial: _____(SAME)_____

(d) At sentencing: _____(SAME)_____

(e) On appeal: _____J.WARREN ST.JOHN._____

(f) In any post-conviction proceeding: _____(NONE)_____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

<u>Timeliness of Petition:</u>

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

> 28 U.S.C.§2254 (B) (II);CICUMSTANCES EXIST THAT RENDERS SUCH PROCESS INEFFECTIVE TO PROTECT
> THE RIGHTS OF THE APPLICANT,AND PURSUANT FED.R.P.CIV.P.RULE:60 (b)(3)(6);AND PUSUANT TO
> FED.R.CIV.P.RULE: 11(b).
> STATE IS DENING DUE PROCESS FOR REDRESS OF CLAIMS UNDER ART.11.075(D) (H.B.3734) 54.TH LEG.CH.1263.§1,2015.
> FEDERAL INTERVENTION IS NEEDED TO PROTECT THE RIGHTS OF APPLICANT AND LIBERTY INTEREST;
> ~~THE EXTRAORDINARY OF WRITT ,THAT THE STATE WILL NOT CONTINUE TO PREVAIL IN THE MISCARRIAGE OF~~
> INJUSTICE IN DENIAL AND VIOLATION OF MY FEDERAL AND STATE DUE PROCESS RIGHTS OF LAW.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_July 26th, 2021_____ (month, day, year).

Executed (signed) on _Stephen W Burgett Jr #01117535__ (date). 7-26-2021

_Stephen W. Burgett Jr. #0117535__
Signature of Petitioner (required)

Petitioner's current address: _____ELLIS UNIT
1697 FM 980 RD.
HUNTSVILEE, TX.77343.

IN THE UNITED STATES DISTRICT COURT OF

THE NORTHERN DISTRICT OF TEXAS.

STEPHEN WEBSTER BURGETT,JR.          §       CAUSE NO:
PETITIONER.                                  (C-4Wo11723-081665-R).

                                     §

VS.                                  §
BOBBY LUMPKIN.
RESPONDENT.                          §

                                     §

---

BRIEF OF PETITIONER APPEALLANT.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT,
THE HONDRABLE NORTHERN DISTRIC COURT;

OFFICE OF THE CLERK,
501 W.10TH ST.RM.310
FT.WORTH,TX.76102.

---

PETITIONER PRO SE;
STEPHEN WEBSTER BURGETT,JR.
T.D.C.J.I.D.#01117535.
ELLIS UNIT
1697 FM980 RD.
HUNTSVILLE,TX.77343.

TABLE CONTENTS:                                                  PAGE..

INDEX OF CITED AUTHORITIES:.......................................ii.,iii.

HISTORY OF THE CASE............................................. 5.

OBJECTION TO DISMISSAL OF STATE ART.11.07;..................... 6.

C.O.A. MOTION:................................................. 7-9.

RULE 60 MOTION;............................................... 10.

GROUND ONE MERIT:
INDICTMENT HAS SUBJECT MATTER JURISDICTION;STATE IN ERROR OF DUE PROCESS
CLAUSE,U.S.CONST.AMENDS;5th,6th,14th........................... 11-12.
GROUND TWO MERIT:
U.S.CONST.AMENDS;5th,6th;GAURANTEE THE RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL FOR HIS CAUSE;IS IMPOSED WHEN COUNSEL BREECH'S THE DUTY OF
LOYALTY UNDER DUE PROCESS CLAUSE............................... 12-15.
GROUND THREE MERIT:
INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL,THE 6th U.S.CONST.AMEND. GIVES
RIGHT TO EFFECTIVE ASSISTANCE OF THAT COUNSEL.................. 15-17.
GROUND FOUR MERIT:
REVERSIBLE ERROR,STATE CAN NOT HINDER THE DEFENSE COUNSEL FROM FAVORABLE
VOIRE DIRE PROCEEDINGS WITH A JURY PANEL;A JURORS RIGHT OF INQUIRY OF A
"REASONABLE DOUBT" INSTRUCTION DEFINITION MUST NOT BE ABRIDGED..... 17-19.
GROUND FIVE MERIT:
THE RIGHT TO BE FREE FROM INORDINATE DELAY IN THE ADJUDICATION OR OF A
DIRECT APPEAL;IN A STATE PROCEEDING............................ 20-21.
SUMMARY ARGUMENTS:............................................ 22-26.

CUMMALATIVE ERROR:............................................ 26.

PRAYER OF RELIEF:............................................. 27.

CERTIFICATE OF SRERVICE:...................................... 29.

*NOTE: ALL REFFERENCED EXIBITS PAGES LISTED ARE FROM THE ORIGINALLLY

SUBNITTED § ART.11.07 APPLICATION.

MOTION TO VACATE SENTENCE:.................................... 28.

i.

CITED NO:                          INDEX CITED CASES:                    PAGE..

GROUND ONE:
1#TEAL V.STATE,230 SW 3d 172 (TEX.CR.APP.2007).......................
#2 TRUE BILL HARRIS COUNTY D.A. OFFICE,925 SW 2d 26................
#3 SANCHEZ V.STATE,120 SW 3d 359 (TEXCR.APP.1999)..................
#4 COOK V.STATE,902 SW 2d 471 (TEX.CR.APP.1990)...................
#5 WYNN V.STATE, 864 SW 2d 539 (TEX.CR.APP.1993)..................
# 6 KELLY III. V. STATE,883 SW 2d 300 (TEX.CR.APP.1992)..........
#7 EXPARTE PAGE, 565 SW 2d 822 (CR.APP.1978)....................
#8 CRAWFORD V.STATE,629 SW 2d AT 907...........................
#9 BROOKS V. STATE, 921 SW 2d 675 (TEX.APP.HOUSTON [14 dist.] 1996).......
#10 (TEAL V.STATE) ...........................................
#11 U.S. V.WILLIAMS,229 F.SUPP. 2d 662.........................
#12 U.S. V.PARKHILL,775 F.2d 662...............................
#13 U.S. V. COTTON, 535 U.S. 625,630 (2002)....................
GROUND TWO:
#1 STRICKLAND V.WASHINGTON, 466 U.S. 668 (1984)................
#2 WOOD V.QUARTERMANN,491 F.3d 196 (5th clr.2007)..............
#3 WIGGINS V.SMITH, 539 U.S. 510 (2003).......................
#4 U.S. V.JAMES, F.3d 107 (S.D.TEX.1999)......................
#5 BROWN V.STATE BAR OF TEXAS, 960 SW 2d 671..................
#6 HART V.GOMEZ,174 F.3d 1067 (9th clr.1999)..................
#7 GIGLIO V.U.S. SUPRA, U.S. 405 U.S. 150(1972)...............
#8 NAPUE V.U.S.SUPRA, 360 U.S. 264 (1959).....................
#9 MANNINIG V.STATE, 860 SW 2d 314............................
#10 TIGNER V.STATE, 928 SW2d 540,546 (TEX.CR.APP.1996)........
#11 MAHLER V.KAYLO, 537 F.3d 494 (5th clr.2008)...............
#12 SEARCY V.STATE bar of texas,604 SW 2d 256,N.R.E.(TEX.CR.APP.san antonio 1980).
#13 ARCHER V.STATE, 548 SW 2d 71,94 A.L.R.3d 837,REF,N.R.E.(TEX.CIV.APP.ELPASO 1977).
GROUND THREE:
#1 HARRIS V.STATE, 790 SW 2d 563,585 (TEX.APP.1989)...........
#2 YOHN V.LOVE, 76 F.3d 508 (3rd clr.1996)....................
#3 C.P.POTIER V.STATE, 685 SW 3d 587,555 (TEX.CR.APP.2002)....
#4 YOUNG VKIRSCH, 814 SW 2d 77 (TEX.APP.san antonio 1991).....
GROUND FOUR:
#1 ARLINE V.STATE, TEX.CR.721 SW (2)..........................
#2 GONZALES V.STATE,944 SW 2d 170(TEX.CR.APP.1999)............
#3 SIMPSON V.STATE,119 SW 3d 262 (TEX.CR.APP2005).............
#4 WILLIAMS V.STATE, 630 SW2d 640,(TEX.CR.APP.LEXIX#966.(1982).....
#5 MANN V.STATE,TEX.CR.964 SW(2) 639..........................
#6 BROWNING V.STATE BAR OF TEXAS, TEX.CR.720 SW(2) 504........
GROUND FIVE:
#1 ELCOX V. HENDERSON, 947 F.2d 1004 (7th clr.1991)...........
#2 REYES V.STATE, 849 SW 2d 812...............................
#3 ROBINSON V.STATE, 16 SW 3d AT 810..........................
#4 EXPARTE TORRES,943 SW 2d 469,495...........................
#5 ROBERTS V.STATE, 705 SW 2d 803 (TEX.APP.DALLAS (1986).......
#6 CARLOS TREVINO V.RICK THALER,449 FED.APPX.418,2011 U.S.APP.LEXIS#22873.(5th clr).
#7 EVITTS V.LUCEY, 105 S.CT. 830...............................
#8 GRIFFIN V.ILLINOIS,U.S. 12,20, 765 S.CT. 583;591 100 L.ED. 891 (1956.....
#9 DOUGHS V.CALIFORNIA, 372 U.S. 353,835 S.CT.814, 9 L.ED.84 (1963)........
#10 GIDEON V.WAINWRIGHT, 372 U.S. 335,344, 63 S.CT. 792,796,9 L.ED. 2d 799 (1963).

25

CITED NO:                         INDEX CITED CASES:                      PAGES..
                                  SUMMARY ARGUMENTS:

#1 ELCOX V.HENDERSON,947 F.2d 1004 (2nd cir.1991)....................22
#2 U.S. V.MANDUJANO,965 S.CT. 1769..................................22
#3 U.S. V.COTTON,535 U.S. 625,630 (2002)............................22
#4 TEAL V.STATE,@#) SW 3d 172 (TEX.CR.APP.1990).....................22
#5 U.S. V.MUSGRAVES,483 F.2d 327 C.A. (TEX.1973)....................22
#6 WYNN V.STATE,864 SW 2d 539 (TEX.CR.APP.1993).....................22
#7 COOK V.STATE,902 SW 2d 471 (TEX.APP.1990)........................22
#8 KELLY III. V.STATE,883 SW 2d 300 (TEX.CR.APP.1992)...............22
#9 CRAWFORD V.STATE,629 SW 8D AT 907................................22
#10 UNITED STATES V.BASHAM,561 F.3d 302 (4th cir.2009)..............22
#11 DARDEN V.WAINWRIGHT,477 U.S. (1986).............................22
#12 FREEMAN V.CHANDLER,645 F.3d 863 (7th cir.2011)..................23
#13 CUYLER V.SULLIVAN,446 U.S. 335 (1980)...........................23
#14 STRICKLAND V.WASHINGTON,466 U.S. 668 (1984).....................23
#15 WOOD V.QUARTERMAN,491 F.3d 196 (5th cir.2007)...................23
#16 U.S. V.JAMES,F.3d 107 (S.D. TEX. 1999).........................23
#17 BROWN V.STATE BAR OF TEXAS,960 SW 2d 671........................23
#18 WIGGINS V.SMITH, 539 U.S. 510 (2003)............................23
#19 GIGLIO V.U.S. SUPRA, U.S. 405 U.S. 150 (1972)...................23
#20 NAPUE V.ILLINOIS SUPRA,360 U.S. 264 (1959)......................23
#21 UNITED STATES V. COTNAM,88 F.3d 487 (7th cir.1996)..............23
#22 TAYLOR V.HORN,504 F.2d 416 (3d cir.2007)........................23
#23 MADDOX V.LORD, 818 F.2d 1058 (2d cir. 1987).....................23
#24 BERGER V.UNITED STATES,295 U.S. 78,84 (1935)....................23
#25 UNITED STATES V.SOLIVAN,937 F.2d 1146,1151 (6th cir.1991).......23
#26 RYES V. STATE,849 SW 2d 812.....................................24
#27 ROBINSON V.STATE, 16 SW 3d AT 810...............................24
#28 EXPARTE TORRES,943 SW 2d 469,495................................24
#29 BLAKE V.UNITED STATES,923 F.3d 870 (4th cir.2013)...............24
#30 WILLIAMS V.STATE,580 SW 2d 361..................................24
#31 LANE V.STATE,TEX.CR. 828 SW (2) 764.............................24
#32 ARLINE V.STATE,TEX.CR.721 SW (2) 348............................24
#33 SANDSTROM V.MONTANA,442 U.S. 510 L.ED.(2) 39,995.CT. 2450.......24
#34 MONTANA V.EGELHOFF,U.S. 135 L.ED.P(2) 361,1165 S.CT.(2013)......24
#35 ESTELLE V.MCGUIRE,502 U.S. 62 (1991)............................24
#36 JACKSON V.VIRGINIA,443 U.S. 307 (1979)..........................24
#37 HENRY V.WILLIAMS,299 F.SUPP. 36 (N.D.MISS.1969).................24
#38 ROBINSON V.LOCKHART,823 F.2d 210 (8th cir.1987).................25
#39 JONES V.WOOD,114 F.3d 1002 (9th cir.1997).......................25
#40 MOORE V.SECRETARY PENNSYLVANIA DEPT. OF CORRECTIONS,457FED.APPX.170,182-83(3dcir.2012).25
#41 HOWARD V.CLARK,608 F.3d 563 (9th cir.2010)......................25
#42 SIEHL V.GRACE,561 F.3d 189 (3d cir.2009)........................25
#43 WILSON V.SIRMONS,536 F.3d 1004 (10th cir.2008)..................25
#44 WILSON V.GAETZ,608 F.3d 347 (7th cir.2010)......................25
#45 MILTON V.MILLER,744 F.3d 660 (10th cir.2014)....................25
#46 TAYLOR V.GROUNDS,721 F.3d 809 (7th cir.2013)....................25
#47 EZE V.SANKOWSKI,321 F.3d 110 (2d cir.2003)......................25
#48 STANKEWITZ V.WOODFORD,365 F.3d 706 (9th cir.2004)...............25

5

## HISTORY OF CASE:

(1)CAUSE NO:C-4W011723-B NAME;STEPHEN WEBSTER BURGETT,JR.

D.O.B.04-01-1974.PLACE:MINERAL WELLS,PALO PINTO COUNTY,TEXAS.

PLACE OF CONFINEMENT:T.D.C.J.I.D. ELLIS UNIT,WARDEN;KELLY STRONG.

T.D.C.J.I.D.#01117535;S.I.D.#0374400.

(2)COURT OF CONVICTION:TARRANT COUNTY,FT.WORTH,TX.76196.

CRIMINAL DISTRICT NO:4

(3)TRIAL JUDGE:HONORABLE JOE DRACO(DECEASED).

(4)REPRESENTED TRIAL ATTORNEY(APPOINTED)FRED W.RABALAIS (DECEASED). S.B.O.T.#1644400.

(5)OFFENSE:1st degree murder,50 YEARS SENTENCE.

NO...SENTENCE TO NO MORE THAN ONE COURT OF AN INDICTMENT IN THE SAME COURT

AT THE SAME TIME.

(6)PLEAD:NOT GUILTY.

(7)JURY FOR TRIAL AND SENTENCE.

(8)YES..I TESTIFIED AT MY TRIAL.

(9)NO.. I HAVE NOT DISCHARGED MY SENTENCE.

(10)APPELLANT LAWYER(APPOINTED)WARREN ST.JOHN.

(11)2nd. DISTRICT COURT OF APPEALS NO:2-02-300-CR;FOUND GUILTY ON DEC.6th 2005.

(12)FILED A PETITION FOR DISCRETIONARY REVIEW #PD-04767-04.

dismissed AS UNTIMELY FILED MAR.12th,2004.

(13)FILED ART.11.07 NO:C-4-007187-01816659.DENIED ON APRIL 15th,2005.

(14)FILED COA IN THE UNITED STATES DIST.NORTHERN COURT OF TEXAS;JUNE 19,2005.

IT WAS DISMISSED AUGUST 13,2007. (NO.PREJUDICE) CAUSE NO:4:05-CV-775-Y.

(15)ART.11.07 FILED MAT 10,2020;NO:WR-61,290-02;C-4W011723-081665-B.

(16)ABOVE WRITT ART.11.07 WAS DISMISSED IN CLERKS ERROR AUG.12,2020.

   (TEXAS COURT OF APPEALS;p.o.box 12308,CAPITOL STATION,AUSTIN,TX.78711)

25

5.

## OBEJECTION TO DISMISSAL
## TO TEX. CRIM.PRO.ART.11.07 SEC.4(a)-(c).

CLEAR ERROR IS DISMISSAL OF HIS WRITT BY ADMENDMENMENT OF CORRECT RELIEF OF

VEHICLE,THAT DID ENTITLE HIS CLAIMS ON MERIT;PURSUANT TEX.CODE.PROC.ART.11.075(D),

54th LEG.CH.1263(H.B.3734),§ 1,2015.STD.REVEXPARTE NEAL HAMPTOM ROBBINS,TEX.CR.

APP.LEXIS 07(2016);this law entitles RELIEF TO TEXAS PRISONERS WHO'S CONVICTI

ON WAS BASED ON FAULTY FACTS OR DISCREDITABLE SCIENCE.RELIEF SOUGHT UNDER THIS

STATUE BARRED APPLICANTS AS SUCESSIVE WRITT;IN THE RULES SET OUT IN (H.B.3734),

THE STATE CAN NOT BARR APPLICANT WRITTS FILED UNDER THIS STATUE FOR RELIEF.

PETITIONER CLAIMS THAT THE STATE IS IN ERROR OF FACTS;NAMELY THAT THE DEFENDANT

"SHOT THE VICTIM IN THE BACK" WHICH MEDICAL EXAMINER TESTIFIED AT TRIAL,THAT

DEFENDANT DID NOT DO THAT;I.G. EXIBIT PG.111,(C.R.pg.14.ln.14-18;pg.151n.24-25).

THE STATE IS ERROR,IS CONTRARY TO THE STATE RELIANCE ON ITS OWN MEDICAL EVIDENT

IARY REPORT;I.G.EXIBIT PG.114.THIS ACTION VIOLATES PRISONERS DUE PROCESS RIGHT

UNDER THE U.S.CONST.AMEND.5th.STD.REV.ELCOX V.HENDERSON,947 F.2d 1004(2ndcir.1991);

U.S. V.ESPINOZA,866 F.2d 1067(9thcir.1988);SEE I.G.(ACTUAL INNOCENCE)STD.REV.

MCOUIGGIN V.PERKINS,133 S.CT 1924(2013);WHICH PETITIONER USED AS A VEHICLE TO

HIS CLAIMS PURSUANT TO FED.R.P.CIV.P.RULE 60(b)(3)(6);FED.R.CIV.P.RULE 11(b).

THE ABUSE OF DISCRETION STD.REV.FOR FED.R.P.RULE 60(b) REVIEW IS  I.G.ROCHA V.

THALER.619 F.3d 387,399N.26(5thcir.2010);I.G. WOODFOX V.CAIN,609 F.3d 774(5thcir.2010).

5

## CERTIFICATE OF APPWALABILITY:

A CERTIFICATE APPEALABILITY "COA" MUST BE OBTAINED BEFORE AN APPEAL CAN BE TAKEN FROM THE DENIAL OF A §2255 PETITIONS,28 U.S.C.§2253.THE DISTRICT COURT WILL SUA SPONTE CONSIDER WHETHER A COA SHOULD ISSUE"WHEN IT ENTERS A FINAL ORDER ADVERSE TO THE APPLICANT".SEE RULE 11(a) OF THE RULES GOVERNING SECTIONS §2254 AND §2255 CASES.IF A COA IS DENIED BY THE DISTRICT COURT,A COA MAY BE REQUESTED FROM THE COURT OF APPEALS IN ACCORDANCE WITH FED.R.APP.22/id. "A SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT" MUST BE MADE BE FORE A COA WILL ISSUE,28 U.S.C.§2253(c)(2). THIS REQUIRES A SHOWING THAT"REASO NABLE JURIST COULD DEBATE...WHETHER...THE PETITION SHOULD HAVE BEEN RESOLVED IN A DIFFERENT MANNER OR THAT THE ISSUES PRESENTED WERE ADEQUATE TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER."SLACK V.MCDANIEL,529 U.S.473,484,146L.ED2d 542 (2000); if the DISTRICT COURT DENIED RELIEF ON PROCEDURAL GROUNDS,A COA WILL ISSUE ONLY IF"JURIST OF REASON WOULD FIND IT DEBATABLE WHETHER THE PETITION STATES A VALID CLAIM OF THE DENIAL OF A CONSTITUTIONAL RIGHT,AND THAT JURIST OF REASON WOULD FIND IT DEBATABLE WHETHER THE DISTRICT COURT WAS CORRECT IN ITS PROCEDURAL RULING." SLACK,529 U.S AT 478. IT IS UNECESSARY FOR A "PETITIONER TO PROVE,BEFORE THE ISSUANCE OF A COA,THAT SOME JURIST WOULD (HAVE)GRANT(ED) THE PETITION FOR HABEAS CORPUS".MILLER-EL V.COCKRELL,537 U.S. 322,336,154 L.ED2d 931(2000);INDEED,"A CLAIM CAN BE DEBATABLE EVEN THOUGH EVERY JURIST OF REASON MIGHT AGREE,AFTER THE COA HAS BEEN GRANTED AND THE CASE HAS RECIEVED FULL CONSIDERATION,THAT (THE) PETITIONER WILL NOT PREVAIL".MILLER-EL,537 U.S. AT 338. a COA WILL NOT BE ISSUED FOR CLAIMS CONCERNING THE DENIAL OF A STATUTORY RIGHT MARSHALL V.HENDRICKS,307 F.3d 36,80-81(3rdcir.2002);MURPHY V.NETHERLAND,116F.3d97, 99-100(4thcir.1997);BUGGS V.UNITED STATES,153F.3d 439,443(7thcir.1998);

CERTIFICATE OF APPEALABILITY:

I.G.UNITED STATES V.TAYLOR,454 F.3d 1075,1079(10thcir.);HOWEVER,IF A "CASE
PRESENTS A SUBSTANTIAL CONSTITUTIONAL,QUESTION;THEN AN INDEPENDENTLY SUBSTANTIAL
STATUTORY ISSUE MAY COME ALONG FOR THE RIDE".RAMUNNO V.UNITED STATES,264 F.3d
723,725(7thcir.2001);UNITED STATES V.GOBERT,139 F.3d 436,438-39)5thcir1998)(same).
A COA IS NOT REQUIRED IF THE GOVERMENT APPEALS.I.G.FED.R.APP.P.22(b);UNITED STATES
V.BOCKIUS,228 F.3d 305,308(3rdcir.2000);UNITED STATES V.PEARCE,146 F.3d 771,774
(10thcir.1998);THEA.E.D.P.A.§2254 104/1) AMENDS 28 U.S.C.§2254(b)[UNEXHAUSTED
CLAIMS OF STATUTORY TOLLINGS];TO CHANGE THE RULES REGARDING THE EXHAUSTION OF
STATE REQUIREMENT SEC.§2254(b)(3) A STATE SHALL NOT BE DEEMED TO HAVE WAIVED THE
EXHAUSTION REQUIREMENT OR BE ESTOPPED FROM RELIANCE UPON THE REQUIREMENT,UNLESS
THE STATE THROUGH COUNSEL EXPRESSLY WAIVES THE REQUIREMENT,28 U.S.C.A. §2254(b)
[AS AMENDED BY A.E.D.P.A.§2254 104(1)] STATE'S A FEDERAL COURT MAY NOT DENY A
PETITION ON THE MERITS EVEN THOUGH THE PETITIONS CONTAINS UNEXHAUSTED CLAIMS".
I.G.HOXIE V.KIRBY[1];RIVALIA V.ARTUZ[2](SAME);ANY PETITION FILED AFTER A "FIRST PETITION"
WHICH HAS BEEN DISMISSED WITHOUT PREJUDICE,FOR FAILURE TO EXHAUST,IS NOT CONSIDERED
A SECOND OR SUCESSIVE PETITION" UNDERTHE A.E.D.P.A.;I.G. DICKSON V.MAIN[3];CAMARANO
V.IRVIN[4];INRE  .GASERY[5];INRE TURNER[6];CHADWICK V.HILL[7];(HAWKINS V.EVANS[8]);THE PRO
CEDURAL DEFAULT RULE" IS A JUDGE-MADE DOCTRINE THAT REQUIRES STATE PRISONERS TO
PRESENT THER CLAIMS IN STATE COURT IN ACCORDANCE WITH STATE PROCEDURAL RULES
BEFORE GOING TO FEDERAL COURT.CLAIMS THAT ARE NOT PROPERLY PRESENTED ORDINARILY
WILL NOT BE CONSIDERED IN A §2254 PETITION DRETKE V.HALEY,541 U.S.386,380 158L.ED
2d 659(2004).the PROCEDURAL BAR CAB BE OVER COME,THOUGH,UPON A SHOWING OF"CAUSE
AND PREJUDICE"FOR A PETITIONERS DEFAULT,COLEMAN V.THOMPSON,501 U.S.722,750,115
L.ED 2d 640(1990).

25

#1 HOXIE V.KIRBY,103 F.2d 1239,1242-1243,(10thcir.1997).   #6 INRE TURNER,267 F.3d 225(3dcir.2001).
#2 RIVALIA V.ARTUZ,1997 WL214972(S.D.N.Y.1997)unpublished.#7 CHADWICK V.HILL,1997 WL22406(A.E.D.P.A.1997)
#3 DICKSON V.MAIN,101 F.3d 791 (1stcir.1996)        #8 HAWKINS V.EVANS,64 F.3d 543,547(10thcir.1995)
#4 CAMARANO V.IRVIN,98 F.3d 44,46-48.(2ndcir.1996)
#5 INRE GASERY,116 F.3d 1051,1052,(5thcir.1997)

## CERTIFICATE OF APPEALABILITY:

GENERALLY, PRISONERS CAN SHOW "CAUSE AND PREJUDICE" BY DEMONSTRATING INEFFECTIVE ASSISTANCE; MURRAY V. CARRIER, 477 U.S. 478, 91 L.ED 2d 397 (1986); (INEFFECTIVE ASSISTANCE CAN CONSTITUTE "CAUSE"), DRETKE V. HALEY, 541 U.S. 386, 380, 124 S.CT 1847, 158 L.ED. 2d 659 (2004); COLEMAN V. THOMPSON, 501 U.S. 722, 750, 111 S.CT. 2546, 115 L.ED 2d 640 (1991); HARRINGTON V. RICHTER, 562 U.S. 86, 131 S.CT. 770, 785, 178 LED. 2d 624 (2011); (DOES NOT REQUIRE A STATE COURT TO GIVE REASONS BEFORE ITS DECISION CAN BE DEEMED TO HAVE BEEN ADJUDICATED ON ITS MERITS); CULLEN V. PINHOLSTER, 563 U.S. 170, 131 S.CT. 1388, 179 L.ED. 2d 557 (2011); (FEDERAL COURTS CONSIDERATION OF EVIDENCE OR CLAIMS NOT PRESERVED IN THE STATE COURT IS GENERALLY BARRED). MARTINEZ V. RYAN, 566 U.S 1, 132 S.CT. 1309, 182 L.ED. 2d 272 (2012); (INADEQUATE ASSISTANCE COUNSEL AT INTIAL REVIEW COLLATERAL PROCEEDINGS MAY ESTABLISH CAUSE FOR PRISONERS PROCEDURAL DEFAULT OF A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL); TREVINO V. TH ALER, 133, S.CT. 1911, 1921, 185 L.ED. 2d 1044 (2013) (INEFFECTIVE ASSISTANCE OF CLAIM TO BE HEARD PREVIOUSLY); RIVA V. RICCO, 615 F.3d 35, 39 (1st cir. 2010) (A HABEAS PETI TIONER BEARS THE BURDEN OF ESTABLISHING THE BASIS FOR EQUITABLE TOLLING). HOWEVER, TO ENSURE THAT INEFFECTIVE ASSISTANCE EXCUSES A PROCEDURAL DEFAULT, CLAIMS OF INEFFECTIVE ASSISTANCE SHOULD BE PRESENTED IN STATE COURT FIRST; OTHERWISE, THE DEFAULT MAY NOT BE EXCUSED IN FEDERAL COURT, I.G. UNITED STATE V. CERNA, 603 F.3d 32 ,42 (2nd cir. 2010) (INEFFECTIVE ASSISTANCE OF COUNSEL CAN BE GROUNDS FOR EXCUSING THE ADMINSTRATIVE EXHAUSTION REQUIREMENT). ESCAMILLA V. STEPHENS, 749 F.3d 380 (5th cir. 2014) (PRISONER WAS ENTITLED TO A COA BECAUSE REASONABLE JURISTS COULD DEBATE THAT STATE HABEAS COURT UNREASONABLY APPLIED STRICKLAND ON COUNSELS LIMITED MITIGATION INVESTIGATION).

## RULE 60 MOTIONS:

RULE 60 MOTIONS THAT ATTACK A "DEFECT IN THE INTERGRITY OF THE FEDERAL HABEAS PROCEEDINGS",OR THAT CHALLENGE A PROCEDURAL RULING THAT PRECLUDED A MERITS DETERMINATION WILL NOT BE TREATED AS SECOND OR SUCCESIVE,GONZALES,545 U.S. AT 538;OCHOA CANALES V.QUARTERMAN,507 F.3d 884,887(5thcir.2007);("A RULE 60 (b)MOTION IS NOT TO BE TREATED AS A SUCCESIVE HABEAS PETITION IF THE MOTION ATTACKS A DEFECT IN THE INTERGRITY OF THE FEDERAL HABEAS PROCEEDINGS AND DOES NOT RAISE A NEW GROUND FOR RELIEF OR ATTACKS THE DISTRICTS COURTS RESOLUTION OF A CLAIM ON THE MERITS.");BUTZ V.MENDOZA-POWERS,474 F.3d 1193,1193(9thcir.2007), ("WHERE AS HERE,THE DISTRICT COURT DISMISSE[d] THE PETITION FOR FAILURE TO PAY THE FILING FEE OR TO COMPLY WITH THE COURTS ORDERS,THE DISTRIC COURT DOES NOT THEREBY REACH THE"MERITS" OF THE CLAIMS PRESENTED IN THE PETITION AND A RULE 60(b) MOTION CHALLENGING THE DISMISSAL IS NOT TREATED AS A SECOND OR SUCCESIVE PETITION");PHELPS V.ALAMEIDA,569 F.3d 1120(9thcir.2009)(GRANTING RULE 60(b)(6) RELIEF TO HABEAS PETITIONER WHOSE CLAIMS WERE ERRORNEOUSLY TIME BARRED).

IN:ROCHA V.THALER,619 F.3d 387,399 N.26(5thcir.2010)(THE COURT HAD JURISDICTION TO CONSIDER PETITIONERS CLAIMS UNDER RULE60(b) MOTION WHERE HE CHALLENGED THE DISTRICT COURTS RULING ON PROCEDURAL DEFAULT).JACKSON V.CROSBY,437 F.3d 1290,1295-96(11thcir.2006)IN THE EVENT THAT A COURTS DENIAL OF A MOTION UNDER RULE 60(b) ON A STATE PRISONERS HABEAS CORPUS,A COA IS REQUIRED TO APPEAL. RULE 60(c) TIMING AND EFFECT OF THE MOTION,(1) MUST BE MADE WITHIN A YEAR AFTER THE ENTRY OF THE JUDGEMENT OR ORDER OR THE DATE OF THE PROCEEDING(default). THE RECENT COURTS DECISIONHARBINSON V.BELL,556 U.S.180,173 L.ED.2d 347(2009), THE COA REQUIREMENT APPLIES ONLY TO "FINAL ORDERS THAT DISPOSE OF THE MERITS OF HABEAS CORPUS PROCEEDINGS THAT CHALLENGE THE LAWFULNESS OF HIS DETENTION"I.D.AT354.

## FACTS SUPPORTING GROUND ONE:

TEXAS LAW REQUIRES THAT A DEFENDANT OBJECT TO AN ERORR IN A INDICTMENT IN ORDER
TO PRESERVE THE ERROR;DEFENDANT DID THIS I.G.[R.R.VOL.2of6 pg.5,1n.31-25];I.G.
TEAL V.STATE[1];SEE I.G. V.T.A.C.ART.1§1D ART.5§ 12(b);C.C.P.ART.1.14(b). THE
TEXAS  CONST.GUARANTEE'S A DEFENDANT THE RIGHT TO BE FREE FROM DEFECT,ERRORS,
OMISSION,IS NEITHER A SYSTEMIC REQUIREMENT,NOR A WANABLE RIGHT;THE STD.REV.U.S.
V.MUSGRAVES,483 f.2d 327 C.A.(TEX.1973);THE INDICTMENT(never was) AND MUST BE
"TRUE BILLED"STAMPED ON THE BACK,AND SIGNED BY THE GRAND JURY FOREMAN;IN THAT
THE ALLEGATIONS AGAINST AN ACUSED HAS BEEN LEGALY INQUIRED INTO.I.G.TRUE BILL
HARRIS COUNTY D.A.OFFICE[2]:theSTD.REV.U.S. V.MANUJANO,965 S.CT.176B;SEE EXIBITSPG.29;
THE CHARGING INSTRUMENT HAS BEEN "OMITTED",DEFEDANTS NAME,HAS BEEN CROSSED OUT
WITH A MARKER,AND CORRECTED;THIS IS MANDATED,PROHIBITED I.G.SANCHEZ V.STATE[3];
COOK V.STATE[4];CORRECTING DEFENDANTS NAME IN MARKER(vitates)THE CHARGING INSTRU
MENT,I.G. WYNN V.STATE[5];IN KELLY III. V.STATE[6];TRIAL COURT MUST RECESS TRIAL FOR
(10)BUSINESS DAYS,PERFORM A HEARING ON MATERIALITY OF INDICTMENT,[V.T.A.C.C.C.P.
§28.1D(b)];RESUBMITT PLEADING TO THE GRAND JURY(I.D.AT 822);then HAVE IT
MECHANICALLY RETYPED UNDER[V.T.A.C.C.C.P. §1.303 RULE §3.3(b) NON E.C.F.COPLAINT];
THEN SUBMITT IT TO THE DEFENDANT FROM THE GRAND JURY,TO SATISFY NECESSITY OF THE
INDICTMENT REQUIREMENT FOUND SET IN EXPARTE PAGE[7];THIS IS NOT A "AMENDMENT" UNDER
[V.T.A.C.C.C.P. §28.10];IT IS NOT SUBJECT TO WAIVER I.G.CRAWFORD V.STATE[8];
THE COURT HAS (180)BUSINESS DAYS TO AMEND THE PLEADING,OR FORFEITS JURISDICTION,
I.G.[V.T.A.C.C.C.P.ART.114(b)];FT.WORTH,D.A.SHARON WILSON,TESTIFIES THAT THERE
IS NO RECORD OF GRAND JURY ACTIVITY IN THIS CASE;SEE D.A. LETTER EXIBIT PG.31.
in REGARDS TO THIS INDICTMENTS ERRORS.

5

**11.**

## FACTS SUPPORTING GROUND ONE:

THE FACT IT IS NOT A"AUTHORIZED" GRAND JURY PROCEEDING IS NOT LEGAL I.G.BROOKS V.STATE[9];INTEAL V.STATE[10];V.T.A.C.ART.1§1D,ART.5§12(b);C.C.P.1.14(b);TEXAS LAW REQUIRES THAT A DEFENDANT OBJECT TO AN ERROR IN INDICTMENT AT TRIAL;IN ORDER TO PRESERVE ERROR,DEFEDANT MUST OBJECT;DEFENDANT DID THIS,THE ERROR IS NOT WAIVED, SEE I.G.[R.R.VOL.2of6 pg.6.1n.21-25] EXIBIT PG.32; THIS CONSTITUTESABANDONMENT OF JURISDICTION BY THE STATE;THE STD.REV.U.S. V.WILLIAMS[11];AND IS REVERSIBLE ERROR THE STD.REV.U.S. V.PARKHILL[12];AND REVERSIBLE ERROR OF DUE PROCESS JURISD ICTIONAL STANDARDS; STD.REV.U.S. V.COTTON[13];

## FACTS SUPPORTINIG GROUND TWO:        (INEFFECTIVE ASSISTANCE OF COUNSEL)

APPELLATE COURT NEED TO CONCLUDE THAT THE TRIAL ATTORNEYS DECISION WAS NOT A STRATEGIC ONE IN ORDER TO FIND DEFICIENT PERFORMANCE I.G.STD.REV.STRICKLAND V.WASHINGTON,466 u.s.666,104 S.CT.2052,80 L.ED.2d.674(1974);AS A OFFICER OF THE COURT,COUNSEL HAD A DUTY TO INVESTIGATE CLIENTS CASE,I.G.STD.REV.WOOD V.QUARTERMAN[2]; ("NIETHER THE SUPREME COURT NOR THIS COURT HAS EVER HELD THAT A LAWYER PROVIDES INEFFECTIVE ASSISTANCE BY COMPLING WITH THE CLIENTS CLEAR AND UNAGIGOUS INSTRU CTIONS NOT TO PRESENT EVIDENCE");INVESTIGATION INTO THE EVIDENCE WOULD SIGNIFI CANTLY MADE A DIFFERENCE IN THE EFFECTIVENESS FACTOR AT THE PUNISHIMENT AND SEN TENCING PHASE OF TRIAL,I.G.STD.REV.WIGGINS V.SMITH[3];THE C.J.A. 18 U.S.C.A. §3006 A(d);THE PRIMARY PURPOSE OF THE ACT IS TO PROTECT INDIGENT OFFENDERS WITH THE PRIVELEGES OF COUNSEL;IT IS NOT A SYSTEM TO "BAIL OUT","FOR PROFIT";IT IS TEM USED FOR ACTUAL ENTITILEMENT OF REINBURSEMENT OF EXPENSES INCURED FOR COMPENSATION THROUGH THE ACT,I.G.STD.REV.U.S. V.JAMES[4];THE ATTORNEY MUST PRESENT A WORKLOAD FOR INVESTIGATION OF HIS CLIENTS CASE,A.K.A."MEANINGFUL STRATEGEM";IT IS NOT 5    "REVIEW,OR FILING MOTIONS"STD.REV.BROWN V.STATE BAR OF TEXAS.[5]

12.

NAVIGATION

FACTS SUPPORTING GROUND TWO:    (IT IS PURSUANT TO:)

TO DR-6(A)(3);DRT-101(A)(2).I.G.;STD.REV.HART V.GOMEZ[6];(A LAWYER WHO FAILS TO

ADEQUATELY INVESTIGATE AND TO INTRODUCE INTO EVIDENCE,RECORDS THAT DEMONSTRATE

HIS CLIENTS FACTUAL INNOCENCE,OR THAT RAISES SUFFIECENT DOUBT AS TO THAT QUESTION

TO UNDERMINE CONFIDENCE IN THE VERDICT,RENDERS DEFIECENT PERFOMANCE");TRIAL CO

UNSEL WITHDREW THREE(MAJOR)MOTIONS THAT CONSTITUTE A "POOR" DEFENSE STRATEGEM;

(1)EXTRANEOUS OFFENSES;(2)IDENTITY;(3)IDENTIFICATION TESTIMONY;I.G.[C.R.29-31;

34-36;60-64.]I.G.[R.R.VOL.3of6 pg.10.1n.9-16]COUNSEL ALSO REFUSED TO OBJECT TO

EVIDENCE ADMITTED BY THE STATE THAT WAS KNOWN TO BE FALSE STD.REV.GIGLIO V.U.S.

SUPRA,[7]; NAPUE V.ILLINOIS,SUPRA,[8];~ERRORS: A[N] NON EXISTING EXPARTE T.R.O.

USED ILLEGALY FOR HERESAY ABUSE ALLEGATIONS PURSUANT TO V.T.A.C.A. SEC.22.01(b)(2);

WHICH CAN NOT BE USED WITHOUT A JUDICIAL FINDING OF OFFENSE PURSUANT I.G. V.T.A.C.

ART.5.06(A)(2);ART.38.36(B);WHICH CAN NOT BE USED WITH OUT A (SAME)FINDING I.G.

ART.44.013,MANNING V.STATE[9];INCLUDING UNDER T.R.EVID.609,ART.38.14;art.5.06(A)(2);

art.38.36(B);NO PROTECTIVE FAMILY ORDER WAS FILED UNDER CODE 62.002(A); THE I.G.

TIGNER V.STATE[10];THERE WAS NO(TEPORARY RESTRAINING ORDER) ON THE DAY OF OFFENSE

I.G.EXIBITS PGS.83-85.THE COURT ABUSED ITS DISCRETION WITH UNJUSTIFIED INTENT/MALICE.

ERROR:(B),THE TESTIMONY OF WITNESS VIENSAY SOMMAY:

(!)SHE IDENTIFIED DEFENDANT AS TWO DIFFERENT PEOPLEI.G.EXIBIT PG.72;   (2)-

SHE DID NOT REMEBER WHAT SHE SAW,ON DAY OF OFFENSE I.G.[R.R.VOL.3of6 pg.47.1n.23-25]

EXIBIT PG.93;(3) SHE DID NOT REMEBER THE EVENTS IN HOW THEY HAPPENED ONTHE DAYOF

OFFENSE I.G.EXIBIT PG.90;[R,R,VOL.3of6 pg.39.1n.3]. (4)SHE DID NOT SEE A CLUB,

IF IT WAS DROPPED BY THE VICTIM,OR THE MANNER IN WHICH HE USED IT:I.G.EXIBITPG.95,

[R,R,VOL.3of6 pg.54.1n.23-24.].

5

FACTS SUPPORTING GROUND TWO:

(5)SHE DID NOT REMEBER HER AFFIDAVIT STATEMENT GIVEN TO THE D.A.,I.G.EXIBIT PG.97;

[R.R.VOL.3of6 pg.57.1n.1-3,10]; (6) SHE SAID VICTIM GRAEBED DEFENDANTS NECK FIRST

I.G. [R.R.VOL.3of6 pg.57.1n22-23]EXIBIT PG.97; THE RECORD ISUNCLEAR AND PERJURIOUS.

ERROR(C):TESTIMONY OF THOM QUANVAN; HE ALSO,TESTIFIED THAT HE DID NOT HEAR OR SEE

ANYTHING THAT HAPPENED ON THAT DAY OF OFFENSEI.G.[R.R.VOL.3of6 pg.66;67] I.G.

EXIBIT PG.99. (2)THE TESTIMONY OF KIMBERLY BURGETT; SHE TESTIFIED THAT SHE DID

NOT SEE OR HEAR ANYTHING ON THEDAY OF OFFENSE BETWEEN THE VICTIM AND DEFENDANT

I.G. EXIBIT PG.104,[R.R.VOL.4of6 pg.121.1n.1-25;pg.122.1n.1-2.];THOUGH THE POL

ICE REPORT WAS WITHHELD IN VIOLATION OF"BRADY",STD.REV.GIGLIO V.UNITED STATES,

405 U.S.150(1972); SEE I.G MAHLER V.KAYLO[11];(THE CUMULATIVE EFFECT OF WITHHELD

REPORT USED FOR IMPEACHMENT WOULD HAVE REVEALED IMPEACHMENT OF WITNESS STATEMENTS,

AND EXISTED A PROBABILITY OF A BRADY ERROR AND IF IT WAS DISCLOSED WOULD HAVE

FAVORED DEFENDANT AND THE PROCEEDING WOULD HAVE BEEN DIFFRENT FOR HIS SENTENCING)

SHE STATED ON THE REPORT THAT:[EXIBIT PG.108,1n.27-36]THE RECORD IS CLEARLY

PERJURIOUS;SHE STATED THAT SHE SAW THE DEFENDANT APPROACH WITH A PISTOL AND

THREATENED "TO KICK HIS ASS";THIS IS CONTRARY TO HER HER TESTIMONY.STD.REV.WARD

V.DRETKE,420 F.3d 479,488(5thcir.2005)(FAILURE TO MOVE FOR SUPPRESSION OF EVIDENCE);

FAILURE OF COUNSEL TO PROPERLY IMPEACH WITNESSES STD.REV.UNITED STATES V.ORR,

636 F.3d 944,951-52,(8thcir.2011);I.G.SILVA V.WOODFORD,219 F.3d 925,833(9thcir.2002)

SEE EXIBIT PG.123 [R.R.VOL.4of6 pg.197.1n.10-16];PROSECUTION MAY NOT VOUCH FOR

THERE WITNESSES CREDIBILITY I.G.UNITED STATE V.COTNAM,88 F.3d 487(7thcir.1996).

## FACTS SUPPORTING GROUND TWO:

APPOINTED COUNSEL MR.FRED W.RABALAIS,BAR CARD#16444400: DID DIE FROM A OVERDOSE,
"ILLEGAL SUBSTANCE"(ACUTE HEROINE AND COCAINE INTOXICATION);SEEEXIBIT PAGES74-75;
STAR-TELEGRAM.COM "DEATH OF LAWYER IS INVESTIGATED".ARTICLES STATE:"D.A.OFFICE
SPOKESMAN MR,DAVID MONTAGUE,"PEOPLE HAVE BEEN AWARE OF SOME OF THE ISSUES HE'S
BEEN FIGHTING FOR A WHILE WITH".SEE EXIBIT PG.68,MEDICL EXAMINER'S CASE RECORD'S;
OCT.04,2004. SEE I.G.TEXAS VERNONS CIV.ST.ART.320A-1,§6;"IMMORAL CONDUCT WITH
IN DISBARMENT STATUE'S:IS CONDUCT WHICH IS WILLFUL,FLAGRANT,OR SHAMEFUL;AND WH
ICH SHOWS IMMORAL DIFFERENCE TO OPION OF THE GOOD AND RESPECTABLE MEMBER OF THE
COMMUNITY,I.G.SEARCY V.STATE[12];PROFESSIONAL MISCONDUST RESULTS FROM A VIOLATION
OF THE CODE OF PROFESSIONAL RESPONSIBILITY EVEN THOUGH SUCH VIOLATION MAY NOT
BE A VIOLATION OF THE PENAL CODE I.E(CHARGED WITH A PENAL OFFENSE)I.G.ARCHER V.
STATE[13];SEE ALSOSTD.REV.CUYLER V.SULLIVAN,466 U.S.335,348-50,100 S.CT.1708,64
L.ED. 2d.333(1980)(A DEFENDANT WHO RAISED NO OBJECTION AT TRIAL TO A CONFLICT
OF INTEREST"MUST DEMONSTRATE THAT AN ACTUAL CONFLICT OF INTEREST ADVERSELY AFF
ECTED HIS LAWYERS PERFORMANCE";A "DEFENDANT WHO SHOWS A THAT A CONLICT OF INTE
REST ACTUALY AFFECTED THE ADEQUACY OF HIS REPRESENTATION NEED NOT DEMONSTRATE
PREJUDICE IN ORDER TO OBTAIN RELIEF")STD.REV.FREEMAN V.CHANDLER,645 F.3d 863
,869(7thcir.2011).(AS TO CONFLICT,IF THERE IS ANY ADVERSE EFFECT ON THE ATTORNEYS
PERFORMANCE,PREJUDICE IS PRESUMED AND THE DEFENDANTS ARGUMENT PREVAILS)I.G.
UNITED STATES V.WILLIAM,372 F.3d 96,103(2dcir.2004).

5

FACTS SUPPORTING GROUND THREE:    (IN I.G.THE STD.OF REV.)

IN EVITTS V.LUCEY,469 U.S.367,83 L.ED.2d.821(1985)(A SIXTH AMENDMENT RIGHT
TO EFFECTIVE ASSISTANCE OF COUNSEL EXTENDS TO FIRST APPEAL AS OF RIGHT):APPEALLLANT
ATTORNEY REFUSED TO RAISE THE MERITS ON THE ISSUE THAT WAS RELEVANT TO THE FACT
FINDER IN ERROR WITH THE DISTICT COURTS RECORD OF FACTS;THE STD.REV.UNITED STAES
V.CANTWELL,470 F.3d 1087,1091(5thcir.2006);(THE GENERAL RULE OF THIS CIRCUIT IS
THAT A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL WILL NOT BE RESOLVED ON DIRECT
APPEAL WHEN THE CLAIM WAS NOT RAISED BEFORE THE DISTRICT COURT,AND OPPORTUNITY
EXISTED TO DEVELOPE THE RECORD ON MERITS OF THE ALLEGATIONS). SEE ALSOSTD.REV.
STALLINGS V.UNITED STATES,%#¢ F.3d.624,627(7thcir.2008).(SAME);(IN ASSESSING W
HETHER AN ATTORNEY MISSED A "SIGNIFICANT AND OBVIOUS ISSUE",IF SO,THE COURT
COMPARES THE NEGLETED ISSUES TO THOSE ACTUALLY RAISED;IF THE IGNORED ISSUES WERE·
CLEARLY STRONGER,THE APPEALLANT COUNSEL WAS DEFICIENT;TO SHOW PREJUDICE,A PETI
TIONER MUST SHOE THAT THERE IS A "REASONABLE PROBABLITY" THEOMITTED CLAIM WOULD
HAVE "ALTERED THE OUTCOME" OF THE APPEAL HAD IT BEEN RAISED). NAMELY,THAT DEFE
NDANT "SHOT THE VICTIM IN THE BACK AT CLOSE RANGE" SEE I.G.MERANDUM OPION EXIB
IT PAGES.131,132.1n.1-4; DEFENDANT DID NOT DO SUCH A THING, IS HERESAY,AND OUT
OF THE COURTS RECORDS,I.G.MEDICAL EXAMINER REPORTS CONTRARY TO THIS FACTI.G.
[R.R.VOL.4of6 pg.16.1n.7-25]; IS HIGHLY LIKELY THAT THIS HERESAY AFFECTED THE
JURIES VERDICT AS IT WAS UNCORRECTED;I.G.EXIBITS PGS.133-134;THE STATE IS NOT
"AUTHORIZED" TO CHANGE THE FINDINGS OF FACT FOR A FAVORABLE JURY VERDICT  IN A
CASE,I.G.TEX.RULES.APP.PRO.81(B)(2);I.G.HARRIS V.STATE[1];THIS REPEATED EMPHASIS
OF EVIDENCE SHOULD NOT HAVE BEEN ADMITTED,DEMONSTRATED THAT THE ERROR WAS NOT
"HARMLESS"';STD.REV.YOHN V.LOVE[2] ;

5

16.

## FACTS SUPPORTING GROUND THREE:

EGRIGIOUS HARM OF ERROR AFFECTING THE VERY BASIS OF THE CASE;THE PURPOSE IS
TO ELIMINATE THE ACTUAL FROM THE THEORITICAL HARM TO THE DEFENDANT;I.G. V.T.A.C.
§12;1D20.10 sms; STD.REV.EXPARTE JARRET[2]; C.P.POTIER V.STATE[3];I.G. STD.REV.UNITED
STATES V.QUINN,537 F.SUPP.2d 99(D.D.C.2008);THE COURT OF APPEALS AND THE DISTR
ICT PROSECUTOR KNOW THAT THIS INFORMATION IS OUTSIDE THERE POSSESSION; AND
IS FALSE,IT IS A BRADY VIOLATION BY KEEPING ITSELF IN IGNORANCE OR COMPARTMENT
ALIZING ABOUT DIFFERENT ASPECTS OF THE CASE;STD.REVCAREY V.DUCKWORTH,75B F.2d
875(7thcir.1984);UNITED STATES V.DIXON,132 F.3d 192(5thcir.1997);COUNSEL WAS
OBLIGATED TO FILE A MOTION FOR REVERSAL DUE TO THE 2ND APPELLATE COURT WAS IN
ERROR OF THE FACTS OF TRIAL RECORD;I.G. YOUNG V.KIRSCH[4];STD.REV.HAWKINS V.HANNIGAN,
1*% F.3d 1146,1152(10thcir.1999)(CLAIM OF INEFFECTIVE ASSISTANCE ON APPEAL
IS REVIEWED IN DETERMING WHETHER THE OMMITTED ISSUE WAS MERITORIOUS).SEE ALSO
STD.REV.UNITED STATES V.DOVALINA,262 F.3d 472,474-75(5thcir.2001)SAME).

## FACTS SUPPORTING GROUND FOUR:

PURSUANT TO V.T.A.C. C.C.P.§36.19;THE STATE CAN NOT HINDER DEFENSE COUNSEL FROM
VOIRE DIRE PROCEEDINGS WITH A JURY PANEL;JUROR'S RIGHT TO INQUIRY OF LEGAL
DEFINITION OF "REASONABLE DOUBT" SHOULD NOT BE ABRIDGED BY THE STATE IN ITS
MEANING;IT IS REVERABLE ERROR.STD.REV.ESTELLE V.MCGUIRE,502 U.S.62,72-73,112
S.CT. 475, 11 L.ED. 2d 385(1991);(HABEAS REVIEW OF JURY INSTRUCTION IS LIMITED
TO THOSE INSTANCES WHERE THE INSTRUCTIONS VIOLATES DEFENDANTS DUE PROCESS RIGHTS).
A PRESUMED ERROR OF "HARM" IS A DEGREE RESULTING IN A REVERSIBLE ERROR I.G.
ARLINE V.STATE[1];GONZALES V.STATE[2];SIMPSON V.STATE[3];IN WILLIAMS V.STATE[4]; the
"REASONABLE DOUBT" STD.DEFINITION IS FOUND I.G.V.T.A.C.ART.§35.17;§2;T.R.APP.PRO.
44.2(b);AND P.C.SEC.1.07(A)(31);

5

17.

## FACTS SUPPORTING GROUND FOUR:

(V.T.A.C. P.C.SEC.1.07(A)(31);STATES THE FOLLOWING:"THAT AN ORDINARY AND PRUDENT PERSON WOULD APPLY TO CIRCUMSTANCES THAT THE ACTOR FACED,AT THE TIME OF OFFENSE": THE PROSECUTION SHOULD NOT CURTAIL JUROR,AND BE PREPARED WITH A LEGAL TEXTBOOK EXPLANATION OF THE "REASONABLE DOUBT" DEFINITION;AS STATING THAT THERE "IS" NO MORE DEFINITION USED ON "REASONABLE DOUBT" INSTRUCTUTION[R.R.VOL.2of6 pg.79,ln.8-12]: EXIBIT PG.136.SERIOUSLY UNDERMINES THE STATES REQUIREMENT TO MEET,IMPERMISSIBLY SHIFTS THE BURDEN OF PROOF.AN UNFAIR ADVANTAGE IMPLING THAT MALICE OR CRUEL ACTS ARE DELIBERATE;WHER AN ERROR IN JURY INSTRUCTION ON "REASONABLE DOUBT" AND THE BURDEN OF PROOF IS ISOLATED ,THE REMAINDER OF THE CHARGE NEGATES THE ERROR; THE EFFECT OF THE ERROR IS ANALYSED UNDER(V.T.A.C. C.C.P.§36.19 I.G.MANN V.STAE[5]; GROWNING V.STATE[6];IT IS ALSO UNCONSTITUTIONAL TO CONSTRUE VARIOUS PIECES OF EV IDENCES AGAINST THE ACCUSED,CAN ALSO CONSTITUTE A COMMENT ON THE WEIGHT OF THE EVIDENCE;AND THE INSTRUCTIONS ON THE STATE'S BURDEN SHIFTING;I.G.STD.REV.SANDSTROM V.MONTANA,442 U.S.510,61 L.ED.(2) 39,99 S.CT.2450;STD.REV.MONTANA V.EGELHOFF,U.S. 135 L.EDP.(2)361,1165 S.CT.(2013);PLEASE SEE I.G.**EXIBIT PG.136[R.R.VOL.2of6pg. 77,ln.9-21;pg.78.ln.8-25;pg.79.ln.1-10];EXIBIT PG.136[R.R.VOL.2of6pg.73.ln.8-19; pg.75.ln.1-11.]; EXIBITPAGE!143[R.R.VOL.2of6pg.38,ln.1-21]** std.rev.jackson v. **virginia,445 U.S.397;**THE STATE HAS NOT MEET THE BURDEN OF PROOF,IT HAS RENDERED APPEALLANTS TRIAL AS "BIASED" IN JURY INSTRUCTION;AN UNFAIR ADVANTAGE IMPLING MALICE FROM DELIBERATE OR CRUEL ACTS,WHICH IMPERMISSIBLY SHIFTS THE BURDEN FROM THE PROSECUTION UNTO THE DEFENDANT;FROM WHICH I COULD NOT RECOVER FROM ITS DAMAGING EFFECTS,I.G.HENRY V.WILLIAMS,299 F.SUPP.36(N.D.MISS.1968).ERROR IN JU RY INSTRUCTION ON REASONABLE DOUBT,THE BURDEN OF PROOF IS ISOLATED AND THE REM AINDER OF THE CHARGE NEGATES THE ERROR I.G....

FACTS SUPPORTING GROUND FOUR:

THE EFFECT OF THE ERROR IS ANALYSED UNDER V.T.A.C. C.C.P. §36.19 MANNING V. STATE,860 S.W.2d.214;COUNSEL ALSO FAILED TO OBJECT AT SENTENCING PHASE AT TRIAL; STD.REV.FREEMAN V.CLASS,f.2d 1252(5thcir.1992);(FRAILURE TO REQUEST CAUTIONARY INSTRUCTION CONCERING CORRABORATING EVIDENCE,DEFENDANT HAD A RIGHT TO UNDER ST ATE LAW,IN ADDITION TO IMPROPER INTRODUCTION OF POLICE REPORT CONTAINING HERESAY, WAS INEFFECTIVE ASSISTANCE).THE DEFENDANT HAD THE RIGHT TO: DIGNITY TO PROPER INSTRUCTION,A LAWFULLY INSTRUCTION ON THE JURY  INSTRUCTION DEFINITION [CORRECTLY] ,"SPECIAL ISSUE CHARGE REQUIRES AQUITAL ON 1st DEGREE MURDER,AND REDUCES THE CHARGE TO SECOND DEGREE";COUNSEL FAILED TO OBJECT TO IMPROPER CHARGE BY PROSEC UTION A.K.A."FALCONER ERROR"I.G.FALCONER V.LANE,905 F.2d 1129(7thcir.1990); I.G.EXIBITSPG.120.[R.R.VOL.5of6 pg.34.1n.11-16;pg.35.1n.22-25;pg.36.1n.1-25]; PROSECUTION MUST NOT DEFAME OR SWAY A JURY BY PERSONAL OPION TO CONVICT BY SOLELY"MORAL",OR"ETHICS",IT MUST GIVE APPEALLANT PROPER INSTRUCTION OR REVERSAL BY ERROR WITH A JURY; AS TO "REASONABLE DOUBT". THE INSTRUCTION IS NOT"OPION", ARGUMENTATION,OR TO RELITIGATE THE EVIDENCE AS TO FACTS IN ARGUMENTATION.APPEA LLANT IS BOUND TO BY PROSECUTIONERS OPION,THEINSTRUCTION MUST BE PROPER.I.G. COLBERTV.STATE,108 S.W.3d.316(TEX.CR.APP.2003);I.G.STD.REV.SMITH V.PHILLIPS, 455 U.S. 209(1982);ROMANO V.OKLAHOMA,512 U.S.(1994);CALDWELL V.MISSISSIPPI, 472 U.S. 320(1980);THE REMARKS ARE NOT TRUE,COMPLETLY NOT FACTUAL,HERESAY FROM NEWS PAPER ARTICLES,RELEASED PRIOR TO HIS TRIAL;SUCH AS"HE SHOT THE VIOTIM IN THE BACK". FOR WHICH THE DEFENDANT NEVER DID.

## FACTS SUPPORTING GROUND FIVE:

THE STD.REV.ELCOX V.HENDERSON,947 F.2d 1004(2dcir.1991);"THERIGHT RIGHT TO BE
FREE FROM INORDINATE DELAY IN THE ADJUDICATION OR DIRECT APPEAL;OR OF A STATE
POST CONVICTION PROCEEDING".ON JULY 25,2002;TRIAL COUNSEL FRED W. RABALAIS,FILED
A MOTION I.G.EXIBITPAGE.126;AND PAGE 127;(NEW TRIAL) AND MOTION FOR(APPEAL) FI
LED ON THE SAME DAY,TRIAL COUNSELS ACTIONS IN FILING BOTH MOTIONS ON THE SAME
DAY DEPRIEVED APPEALLANT OF THE OPPORTUNITY TO DEVELOPE A RECORD ON HIS GROUNDS
FOR APPEAL OF HIS CONVICTION[T.R.APP.PRO.21.8].UNDER REYES,849 S.W.2d.812; IT
IS INEFFECTIVE COUNSEL,DEFENDANTS COUNSEL MUST PRESENT A MOTION FOR RETRIAL WITH
COURT WITHIN (10) DAYS OF FILING;"MANDATORY" WAITING PERIOD OF (75) DAYS FROM
THE DATE WHEN THE COURT IMPOSES OR SUSPENDS SENTENCE IN OPEN COURT,I.G.[T.R.APP.
PRO.21.8].COUNSEL DEFAULTED THE TIME TO PERFECT APPEAL BY NOT WAITING (75)DAYS
I.G.[T.R.APP.PRO.21.7].THE TIME TO PERFECT THE APPEAL IS (90) DAYSAFTER THE JU
DGEMENT IS SIGNED;(20)DAYS AFTER THE(75)DAYS FOR THE MOTION FOR A NEW TRIAL IS
EXPIERED,TO GRANT IN THE NEW TRIAL.I.G.[T.R.APP.PRO.26.1(A)(1)];THIS PRACTICE
IS  INEFFECTIVE IN ITSELF UNDER I.G.ROBINSON,16 SW 2d. 812;"WHEN A EXPANSION OF
THE RECORD MAY BE ACCOMPLISHED IN A MOTION FOR A NEW  TRIA,THAT VEHICLE IS OFTEN
INADEQUATE BECAUSE OF THE TIME CONSTRAINT AND;BECAUSE THE TRIAL RECORD HAS NOT
BEEN TRANDSCEND AT THIS POINT,FUTHER,MOUNTING AN INEFFECTIVE ASSISTANCE ATTACK
IN A MOTION FOR A NEW TRIAL.IS INHERENTLY UNLIKELY,IF THE TRIAL COUNSEL REMAINS
COUNSEL DURING THE REQUIRED TIME TO FILE SUCH A MOTION".QUOTINGEXAPARTE TORRES,
943 S.W.2d.469,495;BY GIVING NOTICE OF APPEAL,TRIAL ATTORNEY BECOMES ATTORNEY ON
RECORD OF APPEAL I.G. ROBERTS V.STATE,705S.W.2d.803,TEX.APP.DALLAS(1986);
IF COUNSEL DID NOT INTEND TO REPRESENT APPEALANT,THROUGH PROCESS,HE SHOULD NOT
HAVE ACCEPTED THE CASE,AND GIVE APPEAL;PEREZ V.KIRK&CARRIGAN,822 S.W.261.

5

FACTS SUPPORTING GROUND FIVE:

THIS PROCESS IN ITSELF VIOLATES APPEALLANT ASSISTANCE OF COUNSEL OF COUNSEL

ON DIRECT APPEAL,AND BECOMES INEFFECTIVE ASSISTANCE OF COUNSEL,I.G.STD.REV.

TREVINO V.RICK THALER,449 FED.APPX.415 U.S.APP.LEXIS#22873(5thcir.)SUPPORTING

CASES ARE I.G.EVITTS V.LUCEY,105S.CT.830; GRIFFIN V.ILLINOIS,351 U.S.12,20 765

S.CT.585,591 100 L.ED.891(1956);DOUGHS V.CALIFORNIA,372 U.S.353,935 S.CT.814,

9 L.ED.2d. 84 (1963);GIDEON V.WAINWRITE,372 U.S. 335,344 83 S.CT.792,796 9 L.ED.

2d.799(1963);WHEN THE TRIAL ERRORS ARE NOT PRESERVED FOR NEW TRIA,APPEAL IS

INEFFECTIVE DUE TO PRESERVATION OF TRIAL ERROR IS DELIBERTLY WAIVED AT THE NEW

TRIAL MOTION FOR NEW TRIAL.[V.T.A.C. §21.001,APP.PRO.R 74(1)(2)] I.G. OWENS V.

STATE,912 S.W.2d.829.

## SUMMARY ARGUMENTS:

APPEALLANT IS A U.S. CITIZEN;ALIENABILITY OF HIS RIGHTS AT THE STATE AND FEDERAL CONSTITUTIONAL LEVELS,PURSUANT TO U.S.CONST.AMENDS:5th,6th,14th;THERE DENIAL IS A "GREAT MISCRRIAGE OF JUSTICE".APPEALLANT HAS THE RIGHT TO BE FREE FROM UNNECESSARY ARBITARY GOVERMENT JUDGEMENT;IT IS A LIBERTY INTEREST,(**STD.REV ELCOX V.HENDERSON**[1]).THE STATE HAS ABUSED ITS DESCRETION IN MECHANISM THROUGH PROCEDURAL DEFAULT;IN NOT ADDRESSING THE COGNIZABLE MERITS OF THE CASE. THE CURRENT(FT.WORTH) D.A. MRS.SHARONE WILSON,(EXHIBIT PG.11) AFTER GRANTING A MOTION TO REQUEST TO PRODUCE GRAND JURY"TRANSCRIBATION" IN THIS  DOCUMENTED  CASE. IN REVIEW OF THE CASE "SHE DECLARED NO GRAND JURY TRANSSCRIPTION IN THE CASE". ABSENCE OF GRAND JURY TRANSCRIPTION IN A INDICTMENT IS UNCONSTIUTIONAL(**STD.REV. U.S. V.MANDUJANO**[2]),VIOLATES A COURTS JURISDICTIONAL CLAUSE(**STD.REV.U.S. V.COTTON**[3]). THERE HAS BEEN NO GRAND JURY PROCEEDING IN THIS INDICTMENT;IN (**TEAL V.STATE**[4]), A DEFENDANT MUST OBJECT TO AN"ERROR" IN COURT ON A INDICTMENT;THE RECORD REFLECTS THAT THIS WAS DONE(**EXHIBIT PG.32**);THE RIGHT IS "NOT WAIVED" (**STD.REV.U.S. V. MUSGRAVES**[5]).APPELLANTS NAME HAS BEEN **"OMITTED"**,BY HAND,IN(FELT TIP)MARKER; INCORRECTLY ALTERED AND PROCESSED;THIS HAS **"VITATED"** COURTS JURISDICTION(WYNN V. STATE[6];COOK V.STATE,[7]).IT WAS NOT RESUBMITTED TO A GRAND JURY PROCEEDING WITHIN (180)BUSINESS DAYS TO**"AMEND"** (RETYPE) INSTRUMENT AND RESUBMITT INDICTMENT TO DEFENDANT I.G.(KELLY III. V.STATE[8]).IT IS NOT SUBJECT TO "WAIVER"OR "CURED" I.G(CRAWFORD V.STATE[9]);THEREFORE INCARCERATION DETAINMENT IS ILLEGAL. APPEALLANT WAS WRONGFULLY EXPOSED TO THE PUBLIC PRESS AND MEDIA;WHICH COULD BE IMPUTED BACK TO THE PROCECUTION(BRADY VIOLATION)(**STD.REV.UNITED STATES V.BASHAM**[10])WHICH MADE THE TRIAL HAVE AN UNFAIR ADVANTAGE IN THE CONVICTION;IN THAT IT DENIED APPEALLANT DUE PROCESS FAIRNESS(**STD.REV.DARDEN V.WAINWRIGHT**[11]).

## SUMMARY ARGUMENTS:

APPOINTED ATTORNEY FRED W.RABALAIS;WAS A KNOWN FORMER D.A.PROSECUTOR FOR THE COURT;HE DIED OF ILLEGAL CONTROLLED SUBSTANCE OVERDOSE,I.G.(EXIBIT PGS.74-75); HE WAS A KNOWN STRUGGLING ADDICT,WITHIN THE PRIVILEGED CIRCLE OF THE D.A.'s OFFICE EMPLOYEES.THE **STD.REVFREEMAN V.CHANDLER**[12];**CUYLER V.SULLIVAN**[13];)the ATTORNEYS QUESTIONABLE BEHAVIOR IS"UNPROFESSIONAL",AND WELL BELOW THE STANDARDS (**STD.REV.STRICKLAND V.WASHINGTON**[14];**WOOD V.QUARTERMAN**[15];**U.S V.JAMES**[16];BROWN V. THE STATE BAR OF TEXAS[17]).IT IS INCONCEIVABLY NOT A PROFESSSIONAL JUDGEMENT OR "SOUND STRATAGEM" TO NEGLECT A CLIENTS CASE FILE; INCLUDING WITHDRAWAL OF THREE MAJOR MOTIONS THAT SUM A ENTIRE DEFENSE;DISCOVERY OF STATES EVIDENCE,PRE TESTI MONY AND BACKGROUND OF STATES WITNESSES,IDENTITY EVIDENCE.(**STD.REV.WIGGINS V. SMITH**[18];INVESTIGATION WOULD HAVE REVELED(BRADY VIOLATION)OF DOCUMENTS WITH HELD BY THE STATE;FALSE STATEMENTS BY WITNESSES ;PERJURIOS TESTIMONIES(**STD.REV.GIGLO V.U.S. SUPRA**[19];**NAPUE V.ILLINOIS SUPRA**[20]);THE STATE MAY NOT VOUCH FOR A THE WIT NESSES CREDIBILITY,WHERE TESTIMONY IS KNOWN TO BE FALSE(**STD.REVINITED STATES V. COTNAM**[21]);INCLUDING THE REPRESSION AND FABRICATION OF APPEALLANTS(BRADY VIOLATION) MEDICAL FILE [CHARLES MANASCO] ?? (**EXIBIT PGS.101,115-19**)DISCOVERY SHOWS THAT APPEALLANT WAS DIAGNOSED WITH "BI-POLAR DEPRESSION",AND DENIED PSYCHOTROPIC MEDS,WHILE IN THE COUNTY BY JAILERS;ATTEMPTED SUICIDE SHOOTING HIMSELF IN CHEST. THE RECORD REFLECTS NO M.H.M.R. OR COMENTECY HEARINGS,(**STD.REV.TAYLOR V.HORN**[22]); (**MADDOX V.LORD**[23])IF COUNSEL HAD INVESTIGATED ANY OF THESE MERITS;ANDPREPARED A DEFENSE;ATTORNEY WOULD HAVE PRESERVED THE ERRORS,MERITS FOR MITIGATION, AT THE GUILT AND SENTENCING PHASE OF TRIAL.THEREFOR LEAVING THE APPEALLANT ATTHE COURT UNCONTESTED HERESAY,UNFAIRNESS OF FACTS,WHICH MAXED HIS PENAL SENTENCES. (**DTD.REV.BERGER V.UNITED STATES**[24];**UNITED STATES V.SOLIVAN**[25]).

## SUMMARY ARGUMENTS:

ATTORNEY FILED NO COGNIZABLE MERITS OF TRIAL ERROR ON MOTIONS SUBMITTED;I.G.
(EXIBITSPGS.126-27),ON JULY 25,2002;A MOTION FOR(NEW TRIAL)AND(MOTION FOR APPEAL)
FILED ON THE SAME DAY.IT IS A PROCEDURAL DEFAULT THAT CANCELS MERITS FOR PRESE
RVATION FOR THE APPEAL RECORD ON TRIAL.(STD.REV.T.R.APP.PRO.21.8);UNDER I.G.
(RYES V.STATE[26].HE WAS REQUIRED TO WAIT (90)DAYS BEFORE FILING(APPEAL MOTION);
IT IS A PROHIBITED PRACTICE AND INEFFECTIVE ASSISTANCE OF COUNSEL(ROBINSON V.ST
ATE[27]).THERE IS NO TRIAL ERROR PRESERVED ON THE RECORD FOR APPEALLANT COUNSEL
TO MERIT(EXPARTE TORRES[28]).APPEALLANT ATTORNEY J.WARREN ST.JOHN,WAS INEFFECTIVE
IN THAT HE FILED NO ERRORS ON MERITS FROM THE RECORD;THERE FOR NO COGNIZABLE
ISSUES FOR REVIEW.DID REQUEST THE ATTORNEY TO FILE ONE MAJOR ERROR FOUND IN THE
COURT OF APPEALS MANDATE IN OPION I.G.(EXIBIT PGS.131-32.1n.1-4.)"BRADY VIOLAT
ION" UNFACTUAL "APPEALLANT SHOT THE VICTIM IN THE BACK" A BIAS STATEMENT OUTSIDE
THE TRIAL RECORD;"APPEALLANT DID NOT DO THIS,MEDICAL EVIDENCE OF VICTIM EXONERATED
ME OF THIS ACT." IF ATTORNEY HAD FILED ON THE ERROR;IT WOULD HAVE AUTOMATICLY
OVERTURNED THE CASE ,REMANDED IT BACK TO THE TRIAL COURT FOR REVIEW(STD.REV.
BLAKE V.UNITED STATES[29])PURSUANT TO V.T.A.C. C.C.P.§36.19.STATE CAN NOT HINDER
DEFENSE COUNSEL IN A FAVORABLE VOIR DIRE PROCEEDINGS WITH A JURY PANEL;IN A
"REASONABLE DOUBT"INSTRUCTION I.G.(WILLIAMS V.STATE[30];LANE V.STATE[31];ARLINE V.
STATE[32];STD.REV.SANDSTROM V.MONTANA[33];MONTANA V.EGELHOFF[34]).IT IS PRESUMED "HARM"
IF THE MISSTATEMENT OF LAW TO THE JURY IS WRONG;I.G. V.T.A.C.ART.§35.17;§2;T.R.APP.
PRO.44.2(b);P.C.SEC.1.07(A)(31);STD.REV.ESTELLE V.MCGUIRE[35])ATTORNEY OBJECTED
TO TRIBUNAL,WHICH DISREGARDED OBJECTION;I.G.(EXIBIT PGS.136;143);THE STATE HAS
NOT MEET THE BURDEN OF PROOF REQUIRED,HAS UNFAIRLY SHIFTED THAT UNTO APPEALLANT
WITH THE JURY.(STD.REV.JACKSON V.VIRGINIA[36];HENRY V.WILLIAMS[37])WHERE IT WAS NOT OVERCOMABLE.

## SUMMARY ARGUMENTS:

PETITIONER POINTS TO THAT RELIEF ON THE ISSUES AND MERITS HAVE BEEN REMANDED
BACK TO THE STATE APPEALLANT COURT FOR EVIDENTISRY HEARING ON INEFFECTIVE OF
COUNSEL CLAIMS;SEE I.G.(ROBINSON V.LOCKHART[38];JONES V.WOOD[39]);INEFFECTIVE ASSIS
TANCE ON NEWLY DISCOVERED EVIDENCE NOT PREVIOUSLY DISCOVERED ABOUT COUNSEL;
ALLOWED PETITIONER TO ENGAGE IN DISCOVERY);REMANDED FOR COUNSELS FAILURE TO
IMPEACH WITNESSES;AND NOT INVESTIGATE MURDER SCENE I.G.(MOORE V.SECRETARY PENN
SYLVANIA DEPT.CORRECTIONS[40];HOWARD V.CLARK[41](SAME);SIEHL V.GRACE[42](SAME);REMANDED
FOR COUNSEL INEFFECTIVE FAILING TO INVESTIGATE AND PRESENT MENTAL HEALTH MITIG
ATION EVIDENCE;I.G.(WILSON V.SIRMONS[43];WILSON V.GAETZ[44](SAME);REMANDED FOR EVI
DENTIARY HEARING ON ISSUES OF INEFFECTIVE ASSISTANCE OF APPEALLANT COUNSEL FOR
FAILING TO ASSERT A CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL(MILTON V.
MILLER[45]);(TAYLOR V.GROUNDS[46]),(CONFLICT OF INTEREST AFFECTED COUNSELS REPRESE
NTATION SUCH THAT DEFENDANTS SIXTH AMENDENT RIGHT TO COUNSEL WAS VIOLAVED):(EZE V.
SANKOWSKI[47])REMANDED(FOR EVIDENTIARY HEARING WHEN APPEALLANT COURT COULD NOT
CONCLUDE THAT DEFENSE COUNSELS ACTS AND OMISSIONS IN THE COURSE IN TRIAL WERE
GROUNDED IN TRIAL STRATEGY).REMANDED FOR EVIDENTIARY HEARING(INEFFECTIVENESS OF
COUNSEL DURING THE PENALTY PHASE OF TRIAL)(STANKEWITZ V.WOODFORD[48]).A §2254
PETITIONER ABILITY TO OBTAIN AN EVIDENTIARY HEARING RULING ON 28 U.S.C.§2254(a)(2);
THE SUPREME COURT "A FAILURE TO DEVELOPE THE FACTUAL BASIS OF A CLAIM IS NOT
ESTABLISHED UNLESSTHERE IS A LACK OF DELIGENCE OF SOME GREATER FAULT,ATRIBUTABLE
TO THE PRISONER OR THE PRISONERSS COUNSEL",STD.REV.WILLIAMS V.TAYLOR,529 U.S.
420,432, 146 L.ED.2d 435(2000);STD.REV.KEENY V.TAMAYO-REYES,504 U.S.1,112 S.CT.
1715(1992)(ENTITLED TO AN EVIDENTIARY HEARING IF CAUSE CAN BE SHOWN FOR FAILURE
TO DEVELOPE THE FACTS IN THE STATE COURT PROCEEDING AND ACTUAL PREJUDICE RESULTED FROM

25

## SUMMARY ARGUMENTS:

THAT FAILURE.OF A FUNDEMENTAL MISCARRIAGE OF JUSTICE WOULD RESULT FROM A FAILURE
TO HOLD A HEARING);IN STD.REV WOOD V.MILYARD,132 S.CT.1826,182 L.ED.2d 733(2012),
(WHERE FACTS ARE IN DISPUTE,THE FEDERAL COURT IN A HABEAS ACTION MUST HOLD
AN EVIDENTIARY HEARING IF THE PETITIONER DID NOT RECIEVE A FULL AND FAIR EVIDE
NTIARY HEARING IN STATE COURT).WHEN A STATE COURT INTERFERES WITH A PETITIONERS
ABILITY TO FULLY DEVELOPE A CLAIM,OR WHEN THE ERROR IS NOT THE RESULT OF SOME
THING THE PETITIONER "DID OR OMITTED",§2254(a)(2) DOES NOT APPLY;I.G. INSYXIENGMAY
V.MORGAN,403 F.3d 657 (9thcir.2005),(NO FAILURE TO DEVELOPE WHEN COURT INTERFERED
WITH PRESENTATION OF CLAIM);BURRIS V.PARK,116 F.3d 256,258-59(7thcir.1997)(SAME);
(WHEN STATE COURT RECORD PRECLUDES HABEAS RELIEF UNDER THE LIMITATIONS OF
§2254(d),A DISTRICT COURT IS NOT REQUIRED TO HOLD AN EVIDENTIARY HEARING),THE
STD.REV.CULLEN V.PINHOLSTER,563 U.S. 170,131 S.CT.1388,1399,179 L.ED.2d 557(2011).


## CUMULATIVE ERROR:

EVEN WHEN NO INDIVIDUAL ERROR IS SIGNIFICANTTIY PREJUDICAL TO WARRANT RELIEF,
THE CUMULATIVE EFFECT OF THE ERRORS MAY REQUIRE REVERSAL.I.G.CARGLE V.MULLIN,
317 F.3d 1196,1206-07(10thcir.2003);MAK V.BLODGETT,970 F.2d 614,624-25(9thcir.1992),
CERT.DENIED 507 U.S.951(1993). IN BERGER V.UNITED STATES,295 U.S. 78 (1935)
"PROBABLE CUMULATIVE EFFECT UPON THE JURY...CAN NOT BE DISREGARDED".

## PRAYER OF RELIEF:

PETITIONER PRAYS THAT THIS HONORABLE COURT,WILL GRANT AND REMAND PETITIONERS

CAUSE AS "MISTRIAL",UNDER FED.RULE 60(b)(3)(6) CIV.PRO.AND RULE 11(b);THAT A

CERTIFICATE OF APPEALABILTY WILL ALSO BE ISSUED ON THE MERITS PRESENTED,AFTER

CAREFUL CONSIDERATION ON REVIEW;"REMANDED" BACK TO THE STATE COURTS,WHERE

PETITIONER PRAYS THAT THE STATEWILL RE INDICT,IN GRAND JURY PROCEEDING TO PER

FECT THE MATTER OF JURISDICTIONAL CLAUSE ERROR;PETITIONER BE INDICTED ON A

LESSER INCLUDED CHARGE OF MURDER(2nd DEGREE),DUE TO DOUBLE JEOPARDY CLAUSE

OF CURRENT CONVICTION; RESENTENCED BY A JUDGE,IN A GUILT/PHASE HEARING.

HAVE THE OPPORTUNITY TO REDRESS ERROR IN STATE RECORD;BE HELD ACCOUNTABLE FOR

ACTUAL WRONGS THAT I HAVE DONE,AND BE SENTENCED FOR THEM.


PETITIONER IS TRULY REMORSEFUL OVER THE DEATH OF THE VICTIM,AND THE FAMILY.

PETITIONER HAS WROTE A "LETTER OF CONSCIOUS" TO THE VICTIMS FAMILY,FOR THERE

CLOSURE,SENT TO THE DIRECTOR OF VICTIM SERVICES IN AUSTIN; I.G.EXIBIT PG.42.

PETITIONER HAS PARTICIPATED IN GOOD TIME,IN M.H.M.R. PROGRAMS,COLLEGE DEGREE,

TRADE/VOCATIONAL COURSES,INTERPERSONAL SKILLS,ZEN MEDITATION.

HAVE INVESTED MY TIME IN LAST TWENTY YEARS OF INCARCERATION TO REHABILITATE MYSELF;

THAT IN THE EVENT THAT ONE DAY I MAY BE A GOOD,PRODUCTIVE AND LAW ADIDING

MEMBER OF SOCIETY AGAIN.

THANK YOU.

5

## MOTION TO VACATE SENTENCE:

THE U.S.SUPREME COURT HELD IN NORTON;"A[N] UNCONSTITUTIONAL ACT IS NOT LAW:IT

CONFERS NO RIGHT,IMPOSES NO DUTIES;OFFERS NO PROTECTION,IT CREATETS NO OFFICE,

IT IS IN LEGAL CONTENPLATION AS INOPERATIVE AS THOUGH IT HAS NEVER BEEN PASSED[1];

UNCONSTITUTIONAL STATUE[BILL]IS VOID ABIUTIOS,HAVING NO LEGALEFFECT AS THOUGH IT

HAS NEVER BEEN PASSED[2];THE TEXAS SUPREME COURT HELD:"AN ACT IS UNCONSTITTUIONAL,

IT IS NO LAW AT ALL;THE TEXAS PENAL CODE IS,THE COMPLETION OF STATUES WHICH CR

EATE THE CAUSES OF ACTIONS FOR PROSECUTION OF ALLEGED OFFENSES,DECLARED CRIMINAL

BY THE STATUE.THE STATES DISTRICT COURTS JURISDICTION DEPENDS UPON ACT.5,SEC.8

OF THE TEXAS CONSTITITUION;AND PENAL STATUTES;HOWEVER,WHEN THE PENAL STATUE IS

VOID,NO FOUNDATIONS FOR CONVICTION AND SENTENCE EXISTS[3];AVOID PENAL STATUE PRO

VIDES NO BASIS FOR PROSECUTION,THE TRIAL COURT HAS NO JURISDICTION TO ENTER JU

DGEMENT;THE COURTS JUDGEMENT IS VOID(VITATE)[4];UNDER TEXAS LAW A VOID JUDGEMENT

IS NULL;NULLITY FROM THE BEGINNING AND IS ATTENDED BY NONE OF THE CONSEQUENCES

OF A VALID JUDGEMENT[5];UNQUESTIONALLY,THEREFORE,THE COURT MAY AT LEAST UNTIL SUCH

TIME HAS ELASPED AS WILL WARRANT THE PRESENTATION OF A DISCOUNTINUANCE OR ABATE

MENT OF ACTION;VACATE THE ENTRY,RECALL ANY PROCESS WHICH MAY HAVE ISSUED THERE

ON,PROCEED WITH CAUSE TO ITS FINAL PROPER TERMINATION;THEN UPON INDICTMENT REQU

IREMENT OF U.S.CONST.AMEND:5th; DOES NOT APPLY TO STATE PROSECUTIONS[6];GRAND JURY

INDICTMENT INAPPLICABLE TO STATE PROSECUTIONS BECAUSE NOT INCORPERATED AGAINST

STATES THROUGH THE U.S.CONST.AMEND:14th[7];THEREFORE THIS HONORABLE COURT SHOULD

VACATE JUDGEMENT AND REMAND CAUSE FOR EVIDENTIARY HEARING ON JURISDICTIONAL CLAUSE

ERROR IN THE STATE APPELLATE COURTS.

---

#1 NORTON V.SHELBY CO.,118U.S.425,442,6 S.CT.1121,1125(1886).
#2 ALEXANDER V.COCKRELL,294 f.3d.626(5thcIr.2007).
#3 MILLER V.DAVIS,150S.W.2d.975(1941)  #4 COOK V.CAMERON,733S.W.2d.37,40(1987).
#5 EXPARTE SEIDEL,39 S.W.3d.221,225(TEX.CR.APP.2001). #6 ALEXANDER V.LA.,405U.S.625,633(1972).
#7 HARTMAN V.LEE,282 F.3d.190,195(4thcIr.2002).

## CERTIFICATE OF SERVICE:

I STEPHEN WEBSTER BURGETT,JR.,TEXAS DEPT.OF CORRECTIONS NO:01117535;INCARCERATED

AT THE ELLIS UNIT,WALKER COUNTY,TEXAS; CERTIFY THAT I SENT A COPY OF PETITIONERS

REQUEST FOR A CERTIFICATE OF APPEALABILITY AND PROPOSED ORDER,BY FIRST CLASS

MAIL TO:          ATTORNEY GENERALS OFFICE;
                  P.O. BOX 12548;
                  AUSTIN,TX78711.

EXECUTED THIS DAY  267h  OF  July  2021.

_Stephen W. Burgett jr #01117535_

STEPHEN WEBSTER BURGETT,JR.#01117535.

I STEPHEN WEBSTER BURGETT,JR.;DECLARE UNDER THE PENALTY OF PERJURY,THAT THE
FOREGOING STATEMENTS ARE TRUE AND CORRECT;
EXECUTED THIS DAY  267h  OF  July  2021.

_Stephen W. Burgett jr #01117535_

STEPHEN WEBSTER BURGETT,JR.#01117535.
ELLIS UNIT
1697 FM 980 RD
HUNTSVILLE,TX.77343.

U.S.NORTHERN DISTRICT COURT;
OFFICE OF THE CLERK,
501 W.10th,ST.RM.310.
FT.WORTH,TX.76102.


DATE: 7-26-2021


DEAR CLERK,

ENCLOSED PLEASE FIND MY §2254 APPLICATION WITH A SEPERATE BRIEF IN SUPPORT.

I LEFT A SPACE AT THE TOP RIGHT OF THE BRIEF FOR YOU TO INSERT NEW CAUSE NUMBER.

I UNDERSTAND THAT THERE IS A $5.00 FILING FEE,BUT DUE TO THE OVER ZEALOUSLY

PRISON POLICY FOR ACCESS TO MY TRUST-FUND ACCOUNT TO MAKE PAYMENT;IM ASKING THAT

YOU PLEASE FILE MY APPLICATION WITH OUT THE UP FRONT FEE.

PLEASE SEND ME THE CASE NUMBER,SO THA I CAN REMIT THE FEE,AND PLEASE PROVIDE ME

WITH AMPLE TIME TO DO SO,I.E.SIXTY DAYS.(PRISON MONEY ORDERS TAKE AT LEAST SIX

WEEKS TO YO PROCESS OUT).

UPON RECIEPT OF YOUR LETTER WITH CAUSE NUMBER,I WILL WORK DILIGENTLY TO HAVE

THE FEE PAID.


THANK YOU FOR YOUR TIME IN THIS MATTER IN ATTENTION TO MY REQUEST.


SINCERLY, *Stephen W. Burgett jr.*    #01117535

RECEIVED
JUL 2 8 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

STEPHEN W.BURGETT,JR.#01117535.
ELLIS UNIT
1697 FM 980 RD.
HUNTSVILLE,TX.77343.


P.S.  PLEASE SEND ME A COST BILL FOR A (ONE) COPY OF THIS APPLICATION AND MY PETITIONERS BRIEF SUBMITTED.
THANK YOU .

STEPHEN WESSER BUDGETT, JR.
T.D.C.J.-I.D. #01117955
ELLIS UNIT
1697 FM 980 RD.
HUNTSVILLE,TX.77343.u.s.a.



U.S. NORTHERN DIST.COURT,
OFFICE OF THE CLERK,
501 W.10TH ST.,RM.310
FT.WORTH,TX.76102.



This is an inmate
Not inspected by Texas
Department of Criminal
Justice - Institutional
Division